
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICAELA ZAMORA,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>MIKE SEADLER; CLYDE CHENG; ALEX TORKE; A. WOLF; S. MAJOROS; T. SHEARER; T. NIESEN; M. OVER; A. LANGE; R. CIRAULO; J. MASTILOCK; A. LAYTON; J. GREEN; D. RUSH; F. SAUNDERS; D. MACHADO; J. OLIVER; B. STERKEL; D. WINTER; J. FANUCCHI; MARK SCHALLER, indvidually and in their capacities as Santa Clara police officers; JOHN DOE, 1; RICHARD ROE; CITY OF SANTA CLARA,<br><br>            Defendants - Appellees. | No. 12-15203<br><br>D.C. No. 5:08-cv-03066-PSG<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Argued and Submitted December 5, 2013
San Francisco, California

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

Micaela Zamora, on behalf of the decedent Nancy Nava, appeals from a judgment entered after a jury trial in a suit brought under 42 U.S.C. § 1983, alleging excessive force by police officers in violation Fourth and Fourteenth Amendments. Zamora alleges (1) that the trial court's jury instructions "failed [as a matter of law] to adequately instruct the jury" as to the meaning and definition of "force," and (2) that the trial court's failure to strike the testimony of the defendants' expert witness was prejudicial error. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.

Because the facts and circumstances of this case are well-known to the parties and were fully aired during oral argument, we find it unnecessary to repeat them here. Suffice it to say that upon examination, we conclude that the court's adapted instructions based upon Ninth Circuit Model Jury Instruction 9.22 (2007) were neither erroneous as a matter of law, nor such that they impeded the plaintiff from presenting and arguing her case to the jury. In these circumstances, the court did not abuse its discretion in rejecting as superfluous her proposed special instructions. See Gantt v. City of Los Angeles, 717 F.3d 702, 706 (9th Cir. 2013) (the formulation of a jury instruction is reviewed for an abuse of discretion).

As to Zamora's second contention, we conclude that even if we were to determine that the court erred in not striking Fonzi's testimony, any such error was harmless. See Liebsack v. United States, 731 F.3d 850, 858 (9th Cir. 2013) ("[T]he erroneous admission of expert testimony is subject to harmless error analysis . . . .").

The issue of qualified immunity is moot.

AFFIRMED.